UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUDOLPH FISHER,

    Petitioner,

    v.

SAN FRANCISCO COUNTY JAIL; et al.,

    Respondents.
                                          /

No. C 12-5616 SI (pr)

**ORDER OF DISMISSAL**

Rudolph Fisher, an inmate at the San Francisco County Jail, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a sentence for a parole violation. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The exhaustion rule requires that a prisoner in state custody who wishes to challenge collaterally in federal habeas proceedings either the fact or length of his confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each

and every claim he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). Although the exhaustion requirement is not jurisdictional and instead is a matter of comity, *see Granberry v. Greer*, 481 U.S. 129, 133-34 (1987), the court generally may not grant relief on an unexhausted claim, *see* 28 U.S.C. § 2254(b)(1).

Fisher never filed a petition for review or a petition for writ of habeas corpus in the California Supreme Court. He therefore never fairly presented to that court any of his claims that he now wishes this court to consider. He has not exhausted state court remedies as to any of the claims in his federal petition. The court cannot stay an action where the petition is fully unexhausted. *See Rose v. Lundy*, 455 U.S. at 510.

This action must be dismissed. This dismissal is without prejudice to Fisher filing a new petition after he exhausts state court remedies as to each claim contained in his new petition. Because this action is being dismissed today, Fisher cannot file an amended petition in this action. Instead, he must file a new petition and a new case number will be assigned it when he returns after exhausting in state court. Fisher is urged to act promptly to present his claims to state court and then promptly return to this court to file any new action to avoid being barred by the one-year statute of limitations for federal habeas actions in 28 U.S.C. § 2244(d).

Petitioner's *in forma pauperis* application is GRANTED. (Docket # 2.)

The clerk shall close the file.

IT IS SO ORDERED.

DATED: November 6, 2012

SUSAN ILLSTON
United States District Judge

2